UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL SOUZA,<br><br>    Plaintiff,<br><br>    v.<br><br>GREAT AMERICAN E & S INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 13-cv-03361-JCS<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**Dkt. No. 18** |

## I. INTRODUCTION

On October 7, 2013, this Court entered an order granting Defendants' motion to compel arbitration and motion to stay proceedings based on an arbitration clause contained in a subcontract signed by Plaintiff and Defendants. Dkt. Nos. 17 ("Order"). Plaintiff Souza has filed a request for leave to file a motion for reconsideration. For the following reasons, the request for leave is DENIED.[1]

## II. BACKGROUND

As noted in the Court's order, Plaintiff failed to file any responsive brief to Defendants' motion to compel arbitration and stay proceedings. Instead, Plaintiff asserted the same five objections to every paragraph of the Declaration of Timothy Miguel Willardson without any explanation of the specific grounds for such objections. Despite the lack of any analysis or coherency, the Court construed Plaintiff's objections liberally and overruled all of Plaintiff's objections, some of which Plaintiff reasserts in his request for leave to file a motion for reconsideration. *See* Order at 8-10.

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

In particular, the Court overruled Plaintiff's objection relating to the fact that paragraph nine of the Complaint alleges "two Subcontracts." The Court found that although the Complaint alleges that there were "two contracts or an original contract and a change order," Complaint ¶ 9, the objection must be overruled because "Plaintiff has submitted no declaration to establish that another contract [that does not have an arbitration clause] does indeed exist." Order at 9:5-6. The Court also overruled Plaintiff's objection as to the authenticity of the Subcontract based on Mr. Willardson's declaration, which established that he had personal knowledge of the Subcontract. Order at 9-10.

In the request for leave to file a motion for reconsideration, Plaintiff objects to Mr. Willardson's assertion that he had "personal knowledge" of the Subcontract, as Mr. Williardson "does not affirmatively state how he acquired personal knowledge of the fact this was the sole Subcontract between the parties." Dkt. No. 18 (Motion for Leave to File Motion for Reconsideration) ("Request for Leave") at 3. While Plaintiff purportedly argues that there is more than just one Subcontract (this is never explicit), Plaintiff still fails to offer any evidence that there is an additional Subcontract that does not include an arbitration clause, and which superseded the Subcontract attached to the Willardson Declaration.

In support of the request for leave, Plaintiff's attorney Mr. George W. Wolff filed a declaration. *See* Declaration ("Wolff Decl."). Attached as Exhibit 1 to the Wolff Declaration is a document entitled "First Amended Complaint," which Plaintiff explains was intended to be filed prior to the date of the hearing on Defendants' motion. *See* Request for Leave at 4 n. 1. Plaintiff never filed the amended complaint because the Court granted Defendants' motion on October 7, 2013, and vacated the hearing scheduled for October 11, 2013. *See id.*

Mr. Wolff attaches to his declaration a Subcontract which is substantively identical to the Subcontract Defendants submitted in support of their motion. *See* Wolf Decl. Ex. 6. The only apparent difference is that the Subcontract submitted by Mr. Wolff lacks any signature in the place where Defendants are supposed to sign, and the Subcontract submitted by Defendants contains such signatures. *See* Wolf Decl. Ex. 6; Willardson Decl. Ex. A. The Subcontract submitted by both parties contains Plaintiff's signature. *See id.*

Mr. Wolff explains that a written proposal Plaintiff submitted to Defendants "was accepted by Defendants by conduct." Wolff Decl. ¶ 6. Mr. Wolff explains that the "[t]he original proposal does not contained [sic] an arbitration provision, but the not fully executed [Subcontract] does." *Id.*; *see also* Ex. 1 (original work proposal) to Ex. 2 (proposed amended complaint). The original proposal does not contain any signature from any party.

### III. DISCUSSION

#### A. Legal Standard

In this district, parties are required to request leave prior to moving for reconsideration of an interlocutory order. Civ. L.R. 7-9(a). Local Rule 7-9(b) specifies that a motion for leave to file a motion for reconsideration must specifically show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). The Local Rule also prohibits parties from repeating "any oral or written argument … which the party now seeks to have reconsidered[,]" and requires that sanctions be imposed on parties not in compliance with this rule. *See id.*

#### B. Analysis

Plaintiff's request for leave to file a motion for reconsideration is procedurally improper, without merit, and must be denied. As noted above, there are three limited grounds upon which a party may request leave to file a motion for reconsideration. Plaintiff's request for leave does not fit within the scope of any of these grounds. Plaintiff does not cite any new material facts or a change in the law since the order was filed. Moreover, by failing to file a responsive brief to Defendants' motion or explain his objections, Plaintiff can hardly argue that the Court failed to

3

consider its legal arguments or material facts in the record, or that despite Plaintiff's "reasonable diligence," Plaintiff was unaware of pertinent law or facts. Accordingly, the request for leave to file a motion for reconsideration is denied.

Even if the arguments in Plaintiff's request for leave and evidence submitted in the Wolff Declaration had been timely, the Court would still have granted Defendants' motion. Plaintiff has never explicitly argued, much less offered evidence, that there is another contract without an arbitration clause which supersedes the Subcontract discussed in the previous order. An unsigned work proposal is insufficient. Moreover, the fact the Subcontract submitted by Plaintiff is not signed by Defendant is irrelevant, as even the Subcontract submitted by Plaintiff *is signed by Plaintiff*, evidencing Plaintiff's agreement to arbitrate any dispute.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's request for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: October 29, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge